IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEAGUE OF WOMEN VOTERS et. al. | : | |
| Plaintiffs, | : | |
| v. | : | CASE NO. 20-cv-3843 |
| | : | JUDGE WATSON |
| FRANK LAROSE | : | |
| Defendant. | : | |

**ANSWER OF DEFENDANT OHIO SECRETARY OF STATE FRANK LAROSE**

Defendant Ohio Secretary of State Frank LaRose responds and answers Plaintiffs' Complaint for Declaratory and Injunctive Relief as follows:

1. As to Paragraph 1 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the personal motivations of Ohio voters voting by mail or choosing to vote by the several other methods available to Ohio voters for the November 2020 election. Defendant admits that every Ohio voter is given the opportunity to have their vote count and further admits that uniform standards for voting are employed across Ohio including but not limited to "signature analysis process" and "notice and cure procedures." Defendant denies the remaining allegations contained therein.

2. As to Paragraph 2 of the Complaint, Defendant admits that the League of Women Voters of Ohio, the A. Philip Randolph Institute of Ohio, George W. Mangeni, and Carolyn E.

Campbell bring this action. Defendant denies the remaining allegations contained therein and further denies that the Plaintiffs possess standing to bring the Complaint.

3. As to Paragraph 3 of the Complaint, Defendant admits that Ohio voters are given an adequate opportunity to cure rejections of their absentee ballot applications and absentee ballots based on alleged signature mismatches. Defendant lacks the knowledge or information sufficient to form a belief as to the type and/or amount of training possessed by forensic scientists in general as Plaintiffs have used the term. Defendant states that signature verification is used by election officials under bipartisan teams to verify that all eligible and properly cast votes are counted. Defendant denies the remaining allegations contained therein.

4. As to Paragraph 4 of the Complaint, whether Ohio law permits rejection of absentee ballot applications for signature mismatches is a legal conclusion to which no response is required. Ohio law requires the voter to sign the absentee ballot application to properly request such a ballot. Defendant admits that Ohio's 88 county boards of elections administer elections and voting within their respective counties. Defendant denies the remaining allegations contained therein.

5. Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. As to Paragraph 6 of the Complaint, what amounts to a violation of the Equal Protection Clause calls for a legal conclusion and no response is required. To the extent a response is required, Defendant denies same. Defendant further denies the remaining allegations contained therein.

7. Paragraph 7 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies same. Defendant admits that Ohio voters are given an adequate opportunity for cure both before Election Day and for the period after Election Day as provided for by law. Defendant admits that the right to vote is personal.

Defendant further admits that Ohio voters *do not* "lose their right to vote by no fault of their own." Defendant denies the remaining allegations contained therein.

8. As to Paragraph 8 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief about the likely rate of absentee voting, and/or the personal motivations of Ohio voters voting by mail or choosing to vote by the several other methods available to Ohio voters for the November 2020 election. The remaining allegations contained therein are legal conclusions to which no response is required. To the extent a response is required, Defendant denies same.

9. As to Paragraph 9 of the Complaint, Defendant admits that Plaintiffs request preliminary and permanent injunctive relief but deny Plaintiffs are entitled to same. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required, Defendant denies same.

## JURISDICTION AND VENUE

10. Paragraph 10 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies same.

11. Paragraph 11 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies same.

12. Defendant admits the allegation contained in Paragraph 12 of the Complaint.

13. Defendant admits the allegation contained in Paragraph 13 of the Complaint but denies that he engaged in any events which resulted in violations of law.

14. Paragraph 14 of the Complaint is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies same. Defendant further denies that Plaintiffs are entitled to declaratory and injunctive relief.

## PARTIES

**League of Women Voters of Ohio**

15. As to Paragraphs 15 through 18 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained therein. To the extent a response is required, Defendant denies same. Defendant further denies that Plaintiff League of Women Voters of Ohio possesses standing to bring the Complaint.

16. Defendant denies the allegations contained in Paragraphs 19 and 20 of the Complaint.

**A. Philip Randolph Institute of Ohio**

17. As to Paragraphs 21 through 23 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained therein. To the extent a response is required, Defendant denies same. Defendant further denies that Plaintiff A. Philip Randolph Institute of Ohio possesses standing to bring the Complaint.

**Individual Plaintiffs**

18. As to Paragraph 24 of the Complaint, Defendant admits that Plaintiff Mangeni registered to vote in Ohio in 2015. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained therein. To the extent a response is required, Defendant denies same. Defendant further denies that Plaintiff Mangeni possesses standing to bring the Complaint.

19. As to Paragraph 25 of the Complaint, Defendant admits that Plaintiff Mangeni applied to the Franklin County Board of Elections for an absentee ballot in the 2020 Primary Election. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained therein. To the extent a response is required, Defendant denies same.

20. As to Paragraph 26 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained therein. To the extent a response is required, Defendant denies same. Defendant further denies that Plaintiff Carolyn E. Campbell possesses standing to bring the Complaint.

21. As to Paragraph 27 of the Complaint, Defendant admits that Plaintiff Campbell applied to the Cuyahoga County Board of Elections for an absentee ballot in the 2020 Primary Election. Defendant further admits that the Cuyahoga County Board of Elections notified Plaintiff Campbell that her absentee ballot application was defective and timely advised her on how to cure the defect. Defendant denies that Campbell's vote "was not counted in the 2020 Primary Election." Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained therein. To the extent a response is required, Defendant denies same.

**Defendant**

22. As to Paragraph 28 of the Complaint, Defendant admits that he is the Secretary of State of Ohio and is sued in his official capacity. The Defendant denies that he violated any laws. The remaining allegations contained therein are legal conclusions to which no response is required. Further, the statutes referenced speak for themselves.

## FACTUAL ALLEGATIONS

23. Paragraph 29 of the Complaint contains legal conclusions to which no response is required. The referenced Ohio statute speaks for itself. Defendant admits that 1,890,069 Ohioans cast an absentee ballot by mail or early in person in the 2016 presidential election, which was 33.7% of the 5,607,641 total votes cast. Defendant further admits that 1,831,640 Ohioans cast their ballots absentee by mail or early in person in the 2020 primary election, which was 99.8% of the 1,834,465 votes cast.

24. As to Paragraph 30 of the Complaint, Defendant admits that as early as January 2020 and continuing through present, health experts and federal state, and local government officials have emphasized the importance of a wide range of protective measures. Defendant denies that any "series of warnings and emergency advisories" are "escalating." Defendant admits that absentee voting by mail is a crucial component of Ohio's expansive voting scheme, which provides Ohioans with multiple options for voting. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained therein. To the extent a response is required, Defendant denies same.

25. Paragraph 31 contains a legal conclusion to which no response is required. Further answering, House Bill 197 speaks for itself.

26. As to Paragraph 32 of the Complaint, Defendant admits that Cuyahoga County reported 754 *provisional* ballots rejected as non-compliant with applicable law. Defendant denies the remaining allegations contained therein.

27. As to Paragraph 33 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained therein. To the extent a response is required, Defendant denies same.

28. As to Paragraph 34 of the Complaint, Defendant admits that he submitted a letter to the Ohio Congressional Delegations on April 23, 2020 and that letter speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained therein. To the extent a response is required, Defendant denies same.

29. As to Paragraph 35, as had been past practice in even numbered years, Defendant will mail absentee ballot applications to all registered voters for the November 3, 2020 General Election. Defendant admits that he made an announcement on June 15, 2020 that the Controlling

Board approved a request to use federal funds to mail absentee ballot applications to all Ohio registered voters. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegation contained therein. To the extent a response is required, Defendant denies same.

30. Paragraphs 36 through 38 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies same. Further answering, the referenced laws and regulations speak for themselves.

31. As to Paragraph 39 of the Complaint, Defendant denies that county elections boards in Ohio routinely disqualify absentee ballot applications based on a board employee's perception of a signature discrepancy. Whether any Ohio statute or any applicable regulation directs election officials to confirm a voter's identity through signature review is a legal conclusion to which no response is required. Further answering, the referenced laws and regulations speak for themselves. Defendant lacks knowledge and information sufficient to form a belief as to the remaining allegations therein. To the extent a response is required, Defendant denies same.

32. Paragraphs 40 and 41 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies same. Further answering, the referenced Ohio statutes, regulations, the Ohio Election Official Manual, and, other directives, speak for themselves.

33. As to Paragraph 42 of the Complaint, Defendant admits that each county board may confirm a voter's identity through signature review and provide for opportunities to cure any deficiencies. Defendant denies such procedures are "ad hoc." Defendant further denies any remaining allegations not otherwise answered therein.

34. Defendant lacks knowledge and information sufficient to form a belief as to the allegations contained in Paragraphs 43 and 44 of the Complaint. Defendant's lack of knowledge and information is due in large part to the vagueness and generality of the allegations. To the extent a response is required, Defendant denies same.

35. Defendant denies the allegations contained in Paragraph 45 of the Complaint. Further answering, the referenced news article speaks for itself.

36. As to Paragraph 46 of the Complaint, Defendant admits that county elections boards provide many opportunities for voters to cure any deficiencies in their absentee ballot applications and absentee ballots, including but not limited to a board's inability to confirm the identity of a voter by signature, via email, telephone and U.S. Mail. Defendant lacks knowledge and information sufficient to form a belief as to the remaining allegations. To the extent a response is required, Defendant denies same.

37. As to the allegations contained in Paragraph 47 of the Complaint, the referenced news article speaks for itself and therefore no admission or denial is necessary.

38. Paragraphs 48 through 50 of the Complaint contain legal conclusions to which no response is required. Further answering, the referenced statutes and Ohio Election Official Manual speak for themselves. Defendant denies the allegations contained in the last sentence of Paragraph 50 of the Complaint.

39. As to Paragraph 51 of the Complaint, Defendant admits that his office does not conduct or organize training in "handwriting analysis or signature matching." Defendant lacks knowledge and information sufficient to form a belief as to what kind of particular training each and every one of the 88 county boards of election provides its staff. The remaining allegations

contained therein are legal conclusions to which no response is required. Further answering, the referenced statutes speak for themselves.

40. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

41. As to Paragraph 53 of the Complaint, Defendant lacks knowledge and information sufficient to form a belief as to allegations contained therein. To the extent a response is required, Defendant denies same. Further answering, Defendant denies that he is required to issue "statewide standards."

42. Defendant denies the allegations contained in Paragraph 54 of the Complaint. Further answering, voters can easily and freely update their signatures by simply filling out a form and filing it with their county board of elections.

43. Defendant denies the allegation contained in Paragraph 55 of the Complaint.

44. Paragraphs 56 through 63 state legal conclusions for which no response is required. To the extent a response is required, Defendant denies same. Further answering, the referenced statutes, directives and the Ohio Elections Manual speak for themselves. Defendant also denies the allegations contained in the first sentences of Paragraphs 61 and 62 of the Complaint.

45. As to Paragraph 64 of the Complaint, Defendant admits that boards of elections much notify voters in the upcoming 2020 General Election of absentee ballot deficiencies and opportunities to cure via speedy and efficient means including telephone and email. Defendant denies the remaining allegations contained therein.

46. Defendant denies the allegations contained in Paragraph 65 of the Complaint. Further answering, the referenced news article speaks for itself.

47. As to Paragraph 66 of the Complaint, Defendant denies that the Individual Plaintiffs "are just several examples of voters who were disenfranchised in 2020 because of purported signature mismatches." Defendant admits the remaining allegations contained therein.

48. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

### CAUSES OF ACTION

### COUNT I

49. As to Paragraph 68 of the Complaint, Defendant incorporates by reference all answers and defenses in the preceding paragraphs. Further answering, Defendant denies that "Ohio's Signature Match Procedures Violate the Freedom of Association Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment."

50. Paragraphs 69 and 70 of the Complaint contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies same.

51. Defendant denies the allegations contained in Paragraphs 71 and 72 of the Complaint.

### COUNT II

52. As to Paragraph 73 of the Complaint, Defendant incorporates by reference all answers and defenses in the preceding paragraphs. Further answering, Defendant denies that "Ohio's Inconsistent Signature Match Practices Violate Voters' Equal Protection Rights."

53. Paragraph 74 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies same.

54. Defendant denies the allegations contained in Paragraphs 75 through 79 of the Complaint. Further answering, Directive 2020-11 as referenced in Paragraph 78 of the Complaint speaks for itself.

## COUNT III

55. As to Paragraph 80 of the Complaint, Defendant incorporates by reference all answers and defenses in the preceding paragraphs. Further answering, Defendant denies that "Ohio's Failure to Provide Voters Adequate Notice and Sufficient Opportunity to Cure Signature Mismatches Violates the Procedural Due Process Guarantee of the Fourteenth Amendment."

56. Paragraph 81 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies same.

57. Defendant denies the allegations contained in Paragraph 82 of the Complaint.

### DEFENDANT'S RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

58. Defendant denies all allegations set forth in the Prayer for Relief and specifically denies that Plaintiff is entitled to any relief.

59. In response to the Demand for Relief, Defendant asks for judgment in his favor and denies that Plaintiff is entitled to any relief.

60. Any allegations not specifically answered herein, including but not limited to those contained in any titles or section headers, are hereby denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

1. This Court lacks subject matter jurisdiction over Plaintiffs' case.

### SECOND DEFENSE

2. Plaintiffs lack standing to bring this complaint.

### THIRD DEFENSE

3. Plaintiffs fail to state a claim upon which relief can be granted.

## FOURTH DEFENSE

4. Plaintiffs have not been deprived of any federal constitutional or statutory rights.

## FIFTH DEFENSE

5. The challenged laws do not violate the United States Constitution.

## SIXTH DEFENSE

6. The challenged laws are supported by substantial state interests.

## SEVENTH DEFENSE

7. The challenged laws are sufficiently tailored to meet constitutional scrutiny.

## EIGHTH DEFENSE

8. Plaintiff is unable to establish the elements required for injunctive relief.

## NINTH DEFENSE

9. Any alleged harm caused to the individual plaintiffs are a result of their own acts or omissions.

## RESERVATION OF ADDITIONAL DEFENSES

10. Defendant reserves the right to supplement his Answer with additional defenses, including affirmative defenses, as litigation in this matter proceeds.

Thus, having fully answered Plaintiffs' Complaint, Defendant requests that this Court dismiss Plaintiffs' claims, with prejudice, and that Plaintiffs be awarded no relief, no costs, and no fees.

Respectfully submitted,

DAVE YOST

Ohio Attorney General

*/s/ Julie M. Pfeiffer*
JULIE M. PFEIFFER (0069762)*
*Counsel of Record*
ANN YACKSHAW (0090623)
BRANDI SESKES (0077648)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: (614) 466-2872; Fax: (614) 728-7592
Julie.pfeiffer@ohioattorneygeneral.gov
Ann.Yackshaw@ohioattorneygeneral.gov
Brandi.Seskes@ohioattorneygeneral.gov

*Counsel for Defendant Ohio Secretary of State Frank LaRose*

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2020, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the court's system.

*s/Julie Pfeiffer*
Julie Pfeiffer (0069762)*
Assistant Attorney General
