IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LEAGUE OF WOMEN VOTERS OF OHIO, A. PHILIP RANDOLPH INSTITUTE OF OHIO, GEORGE W. MANGENI, and CAROLYN E. CAMPBELL,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**FRANK LAROSE, in his official capacity as Secretary of State of Ohio,**<br><br>**Defendant.** | Case No. 2:20-cv-3843-MHW-KAJ<br><br>Judge Michael H. Watson<br><br>Magistrate Judge Kimberly A. Jolson |

## DONALD J. TRUMP FOR PRESIDENT, INC., THE OHIO REPUBLICAN PARTY, THE REPUBLICAN NATIONAL COMMITTEE, AND THE NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE'S MOTION TO INTERVENE

Pursuant to Federal Rule of Civil Procedure 24, Donald J. Trump for President, Inc., the Ohio Republican Party, the Republican National Committee, and the National Republican Congressional Committee (the "Republican Committees") move for leave to intervene as party defendants. As required by Rule 24(c), the Republican Committees have attached a proposed Answer to Plaintiffs' Complaint.

The grounds supporting this Motion are set forth in the accompanying memorandum.

August 17, 2020

Respectfully submitted,

/s/ M. Ryan Harmanis
M. Ryan Harmanis (0093642)
    *Trial Attorney*
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, Ohio  43215-2673
Telephone:  (614) 469-3939
rharmanis@jonesday.com

John M. Gore*
E. Stewart Crosland*
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
Fax: (202) 626-1700
jmgore@jonesday.com
scrosland@jonesday.com

*Counsel for Proposed Intervenor-Defendants*

\**Pro hac vice* applications forthcoming

## **MEMORANDUM IN SUPPORT**

Donald J. Trump for President, Inc., the Ohio Republican Party, the Republican National Committee, and the National Republican Congressional Committee (the "Republican Committees") respectfully move to intervene to defend Ohio's absentee-ballot framework. Plaintiffs seek a declaration that a key piece of that framework—the requirement that a voter's signature on an absentee ballot match the signature on the voter's registration—is unconstitutional. They ask the Court to order the Secretary of State to upend local control over elections by imposing top-down, extra-statutory requirements for signature-matching on county boards of elections. Anything less and they seek to enjoin altogether the requirement that a voter's signatures match.

The Court should grant the Republican Committees' motion to intervene, whether as a matter of right or discretion. The Republican Committees have a right to intervene because this motion is timely and the Republican Committees have a substantial interest in the validity of Ohio's framework that they can protect only by participating in this case. Fed. R. Civ. P. 24(a)(2). Alternatively, the Court should exercise its discretion to allow the Republican Committees to intervene because their defenses address questions already before the Court. Fed. R. Civ. P. 24(b). Federal courts routinely permit political parties to intervene in cases that may impact upcoming elections. The result here should be the same.

## **BACKGROUND**

*The Republican Committees.* Donald J. Trump for President, Inc., the Ohio Republican Party, the Republican National Committee, and the National Republican Congressional Committee are political committees that support Republican voters and candidates in Ohio. Donald J. Trump for President, Inc. (the "Trump Campaign") is the principal committee for the reelection campaign of Donald J. Trump, the 45th President of the United States of America. President Trump is the presumptive Republican nominee for the office of President of the United States in the upcoming

November 3, 2020 general election. The Trump Campaign seeks to intervene on its own behalf and on behalf of its candidate, President Trump. President Trump is a candidate as that term is defined in Ohio Revised Code § 3501.01(H).

The Ohio Republican Party is a "major political party" as defined by Ohio Revised Code § 3501.01(F)(1). Its general purpose is to promote and assist Republican candidates who seek election or appointment to partisan federal, state, or local office in Ohio. It works to accomplish this purpose by, among other things, devoting substantial resources towards educating, mobilizing, assisting, and turning out voters in Ohio. The Ohio Republican Party has made significant contributions and expenditures to support Republican candidates in Ohio for many election cycles and is doing so again in 2020. It has a substantial interest in ensuring that Ohio runs free and fair elections according to Ohio law as enacted and enforced by the people of Ohio's representatives.

The Republication National Committee is the Republican Party's national committee. *See* 52 U.S.C. § 30101(14). It manages the Republican Party's business at the national level. This includes developing and promoting the Party's national platform and fundraising and election strategies; supporting Republican candidates at all levels across the country, including in Ohio; and assisting state parties throughout the country (including in Ohio) to educate, mobilize, assist, and turn out voters. Like the Ohio Republican Party, the Republican National Committee has made significant contributions and expenditures in support of Republican candidates in Ohio, both in the past and in 2020. The Republican National Committee similarly has a substantial interest in ensuring that Ohio runs free and fair elections according to Ohio law.

The National Republican Congressional Committee ("NRCC") is the national congressional committee of the Republican Party as defined by 52 U.S.C. § 30101(14). The NRCC's mission is to elect Republican candidates to the U.S. House of Representatives from across the United States, including from Ohio's 16 congressional districts. The NRCC works to

accomplish its mission in Ohio by, among other things, providing direct and indirect financial contributions and support to candidates and other Republican Party organizations; providing technical and research assistance to Republican candidates and Party organizations; engaging in voter registration, voter education, and voter turnout programs; and other Republican party-building activities.  The NRCC has made significant contributions and expenditures in support of Republican House candidates in Ohio in many past election cycles and is doing so again in 2020.  The NRCC has a substantial and particularized interest in ensuring that Ohio carries out free and fair elections.

*Procedural Background.*  This case is in its infancy.  Plaintiffs sued the Secretary of State to challenge the signature-matching portion of Ohio's absentee-ballot framework on July 31, 2020.  The Secretary of State answered the complaint last Friday, August 14, the parties have not filed any substantive motions, and presumably discovery has not yet begun.  The Republican Committees seek to intervene at this early stage to protect their interests and to avoid any prejudice or delay to the parties and the Court's resolution of this case.

### ARGUMENT

**A.     The Republican Committees Have A Right To Intervene Under Rule 24(a).**

The "court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).  Federal courts have long applied Rule 24 "in favor of potential intervenors."  *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991).  This reflects the principle that "a person cannot be deprived of his or her legal rights in a proceeding to which such a person is neither a party nor summoned to appear."  *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990).  This principle carries even more force in

election law cases, "and for good reason—the right to vote 'is regarded as a fundamental political right, because [it is] preservative of all rights.'" *Serv. Emps. Int'l Union Local 1 v. Husted*, 515 F. App'x 539, 543 (6th Cir. 2013) (per curiam) (quoting *Yick Wo v. Hopkins*, 118 U.S. 356, 370 (1886)).

A proposed intervenor satisfies Rule 24(a) if: (1) the motion to intervene is timely; (2) the party has a substantial legal interest in the case; (3) the party's ability to protect its interest will be impaired without intervention; and (4) the existing parties may not adequately represent the party's interest. *Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 1999); *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). The Republican Committees meet each requirement.

### 1. This motion is timely.

The Republican Committees' motion to intervene is timely. The Sixth Circuit has cited several factors to consider: the point to which the case has progressed; the purpose for intervention; when the intervenors knew (or should have known) of their interest in the case; prejudice to the parties; and any unusual circumstances that support (or cut against) intervention. *See Jansen*, 904 F.2d at 340. No factor is dispositive; the court should evaluate timeliness "in the context of all relevant circumstances." *Id.*

The Republican Committees satisfy these factors and the timeliness requirement for a simple reason: this case has just begun. Plaintiffs filed their complaint two weeks ago, on July 31, 2020. *See Miller*, 103 F.3d at 1245 (same). The Secretary of State just responded with his answer on Friday, August 14; the parties have not filed any substantive motions; according to the docket the Court has not issued a scheduling order; and discovery has yet to begin. *See Blount-Hill v. Ohio*, 244 F.R.D. 399, 402 (S.D. Ohio 2005); *see also Priorities USA v. Nessel*, 2020 WL 2615504, at *2–3 (E.D. Mich. May 22, 2020). In short, "nothing has happened in this case" yet, "so no party is prejudiced by the timing." *In re 2016 Primary Election*, 2016 WL 1392498, at *2 (S.D. Ohio

Apr. 8, 2016). And by moving to intervene at this "initial stage," the Republican Committees will not delay proceedings. *See Miller*, 103 F.3d at 1245; *Priorities USA v. Benson*, __ F. Supp. 3d __, 2020 WL 1433852, at *5 (E.D. Mich. Mar. 24, 2020). This motion is timely.

### 2. The Republican Committees have a substantial legal interest.

The Republican Committees also have a substantial legal interest in this case. The Sixth Circuit subscribes to a "rather expansive notion of the interest sufficient to invoke intervention of right." *Grutter*, 188 F.3d at 398 (citation omitted). An intervenor need not, for example, "have the same standing necessary to initiate a lawsuit." *Miller*, 103 F.3d at 1245. And courts should resolve "close cases" "in favor of recognizing an interest under Rule 24(a)." *Id.* at 1247.

As in previous election cases, "there is no dispute that the Ohio Republican Party ha[s] an interest in the subject matter of this case, given the fact that changes in voting procedures could affect candidates running as Republicans and voters who are members of the Ohio Republican Party." *Ohio Democratic Party v. Blackwell*, 2005 WL 8162665, at *2 (S.D. Ohio Aug. 26, 2005). Plaintiffs ask the Court to suspend existing statutes, directives, and rules on signature-matching unless and until the Secretary of State imposes—and each of Ohio's 88 county boards of elections implements—extra-statutory procedures for an election that is less than 90 days away. *See* Compl. ¶¶ 85–86, R.1, PageID#28–29. The Republican Committees have a substantial interest in preventing changes to the "competitive environment." *See Shays v. FEC*, 414 F.3d 76, 85 (D.C. Cir. 2005). Since their candidates seek election or reelection "in contests governed by the challenged rules," they have an interest in "demand[ing] adherence" to those requirements. *Id.* at 88. Plaintiffs' action here could "chang[e] the results of elections," directly impacting the Republican Committees and their candidates and voters. *Benson*, 2020 WL 1433852, at *6.

### 3. The Republican Committees' ability to protect their interests will be harmed if they cannot intervene.

The Republican Committees' ability to protect their interests hinges on intervention. "[A] would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." *Miller*, 103 F.3d at 1247. "This burden is minimal." *Id.*

The Republican Committees clear this low hurdle. Without intervention, they have no way to "defend their concrete interests" in, among other things, winning elections. *Shays*, 414 F.3d at 86. Plaintiffs' suit could "fundamentally alter the environment" for the upcoming election by changing or even suspending Ohio's signature-match requirement. *Id.* As an example, Plaintiffs suggest that Ohio change its absentee-ballot system by allowing online applications. Compl. ¶ 85, R.1, PageID#29. This could force the Republican Committees to face a "broader range of competitive tactics than" Ohio "would otherwise allow." *Shays*, 414 F.3d at 86. And it could directly prejudice the Republican Committees' candidates in the upcoming election.

### 4. The existing parties do not adequately represent the Republican Committees' interests.

Finally, no other party can adequately represent the Republican Committees' interests. As with the last requirement, the burden to show inadequate representation "should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). The mere "*potential* for inadequate representation" is enough. *Grutter*, 188 F.3d at 400. And, consistent with the overall approach to Rule 24, "all reasonable doubts should be resolved" in favor of intervention. 7C Mary Kay Kane, *Federal Practice and Procedure* § 1909 (3d ed. 2020).

Here, the Secretary of State may not adequately represent the Republican Committees' interests. Courts across the country have "often concluded that governmental entities do not adequately represent the interests of aspiring intervenors." *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003). The Secretary of State's generalized interest in enforcing the law

is distinct from the Republican Committees' private interests. *See Utah Ass'n of Ctys. v. Clinton*, 255 F.3d 1246, 1255–56 (10th Cir. 2001). For one thing, the Secretary of State has no interest in electing particular candidates. *Cf. Sierra Club v. Glickman*, 82 F.3d 106, 110 (5th Cir. 1996) (per curiam). For another, he must consider a "broad spectrum of views, many of which may conflict" with the Republican Committees' specific interests. *Clinton*, 255 F.3d at 1256. These may include the "expense of defending" the current laws, *Clark v. Putnam County*, 168 F.3d 458, 461–62 (11th Cir. 1999); the "social and political divisiveness of the election issue," *Meek v. Metropolitan Dade County*, 985 F.2d 1471, 1478 (11th Cir. 1993), *abrogated on other grounds by Dillard v. Chilton Cty. Comm'n*, 495 F.3d 1324 (11th Cir. 2007) (per curiam); and the interests of opposing parties, *In re Sierra Club*, 945 F.2d 776, 779–80 (4th Cir. 1991). The Republican Committees' distinct interests may diverge with the Secretary of State's during this case. *See Cleveland Cty. Ass'n for Gov't by the People v. Cleveland Cty. Bd. of Comm'rs*, 142 F.3d 468, 474 (D.C. Cir. 1998) (per curiam). This potential for inadequate representation is enough for intervention under Rule 24(a).

### B. Alternatively, The Court Should Allow The Republican Committees To Intervene.

Even if the Court disagrees on intervention of right, it should permit the Republican Committees to intervene as a matter of discretion under Rule 24(b). And because they are "entitled to permissive intervention," the Court may grant their motion without addressing Rule 24(a). *League of Women Voters of Mich. v. Johnson*, 902 F.3d 572, 577 (6th Cir. 2018).

Rule 24(b) authorizes courts to "permit anyone to intervene who," "[o]n timely motion . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention is within the Court's discretion. *League of Women Voters*, 902 F.3d at 577. "In exercising its discretion, the court must consider whether the

intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The Republican Committees check each box. *First*, as explained above, their motion is timely. *See supra* Section A.1. (The Sixth Circuit uses the same timeliness factors for Rule 24(a) and Rule 24(b). *See Blount-Hill v. Zelman*, 636 F.3d 278, 284, 287–88 (6th Cir. 2011).)

*Second*, the Republican Committees will raise defenses that share many common questions with the parties' claims and defenses. Plaintiffs allege, among other things, that Ohio's signature-matching requirements are unconstitutional. The Republican Committees disagree with Plaintiffs and contend that Ohio's absentee-ballot framework is valid and enforceable. Plaintiffs' requested relief also would undermine the Republican Committees' interests. So the questions of law and fact that the Republican Committees will raise overlap with the issues already before the Court. *See League of Women Voters*, 902 F.3d at 577; *see also Yang v. Kellner*, 2020 WL 2115412, at *2 (S.D.N.Y. May 3, 2020); *City of Greensboro v. Guilford Cty. Bd. of Elections*, 2015 WL 12752936, at *1 (M.D.N.C. Oct. 30, 2015).

*Finally*, the Republican Committees' intervention will not delay this case or prejudice the parties. As explained above, this case has only just begun, so intervention will impose no additional delay. *See supra* Section A.1. The Republican Committees will follow any schedule the Court sets. And allowing the Republican Committees to intervene would prevent any piecemeal litigation or the need for collateral challenges to a settlement or appeals from an order that may prejudice them.

## CONCLUSION

The Republican Committees respectfully ask the Court to grant their motion to intervene as defendants in this case. As required by Rule 24(c), a proposed answer is attached.

August 17, 2020                    Respectfully submitted,

/s/ M. Ryan Harmanis
M. Ryan Harmanis (0093642)
    *Trial Attorney*
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, Ohio  43215-2673
Telephone:  (614) 469-3939
rharmanis@jonesday.com

John M. Gore*
E. Stewart Crosland*
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
Fax: (202) 626-1700
jmgore@jonesday.com
scrosland@jonesday.com

*Counsel for Proposed Intervenor-Defendants*

**Pro hac vice* applications forthcoming*

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 17, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of this filing to all counsel of record.

*/s/ M. Ryan Harmanis*
*Counsel for Proposed Intervenor-Defendants*
