IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LEAGUE OF WOMEN VOTERS OF OHIO, A. PHILIP RANDOLPH INSTITUTE OF OHIO, GEORGE W. MANGENI, and CAROLYN E. CAMPBELL,** | |
| **Plaintiffs,** | Case No. 2:20-cv-3843-MHW-KAJ |
| v. | Judge Michael H. Watson |
| **FRANK LAROSE, in his official capacity as Secretary of State of Ohio,** | Magistrate Judge Kimberly A. Jolson |
| **Defendant.** | |

**PROPOSED ANSWER OF DONALD J. TRUMP FOR PRESIDENT, INC., THE OHIO REPUBLICAN PARTY, THE REPUBLICAN NATIONAL COMMITTEE, AND THE NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE**

Intervenor-Defendants Donald J. Trump for President, Inc., the Ohio Republican Party, the Republican National Committee, and the National Republican Congressional Committee (the "Republican Committees") respectfully answer Plaintiffs' Complaint. Any allegation in the Complaint not explicitly responded to in this Answer is hereby denied.

1. The Republican Committees support free and fair elections for all Ohioans and for all voters across the country. The Republican Committees admit that Plaintiffs' lawsuit purports to challenge Ohio's election laws and procedures on matching signatures for absentee ballots and absentee ballot applications. They are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 1 regarding the number of ballots rejected in the 2016 election and so deny them. The remaining allegations in Paragraph 1 state legal conclusions that do not require an answer. To the extent any answer is required, the Republican Committees deny these allegations.

2. The Republican Committees admit that Plaintiffs' Complaint purports to challenge Ohio's election procedures on matching signatures for absentee ballots and absentee ballot applications. The remaining allegations in Paragraph 2 state a legal conclusion that does not require an answer. To the extent any answer is required, the Republican Committees deny these allegations.

3. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 and so deny them. Moreover, the last sentence of Paragraph 3 is a legal conclusion that does not require an answer. To the extent any answer is required, the Republican Committees deny same.

4. Paragraph 4 states legal conclusions that do not require an answer. To the extent any answer is required, the Republican Committees state that the laws and procedures in place in Ohio speak for themselves and deny any allegation that is inconsistent therewith; and except as thus averred or expressly denied, deny the allegations contained in Paragraph 4.

5. Paragraph 5 states legal conclusions that do not require an answer. To the extent any answer is required, the Republican Committees state that the laws and procedures in place in Ohio speak for themselves and deny any allegation that is inconsistent therewith; and except as thus averred or expressly denied, deny the allegations contained in Paragraph 5.

6. Paragraph 6 states legal conclusions that do not require an answer. To the extent any answer is required, the Republican Committees deny the allegations in Paragraph 6.

7. Paragraph 7 states legal conclusions that do not require an answer. To the extent any answer is required, the Republican Committees state Ohio's absentee-ballot laws speak for

themselves and deny any allegation that is inconsistent therewith; and except as thus averred or expressly denied, the Republican Committees deny the allegations in Paragraph 7.

8. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and so deny them. Paragraph 8 also states legal conclusions that do not require an answer. To the extent an answer is required, the Republican Committees deny the allegations in Paragraph 8.

9. The Republican Committees admit that Plaintiffs seek the relief described in Paragraph 9. The Republican Committees deny that Plaintiffs are entitled to relief. The Republican Committees also deny that Ohio's signature-matching processes are a "patchwork of highly subjective, inconsistent, and erratically administered" processes that may disenfranchise "large numbers of eligible Ohioans." Paragraph 9 otherwise states a legal conclusion that does not require an answer. To the extent an answer is required, the Republican Committees deny the allegations in Paragraph 9.

## JURISDICTION AND VENUE

10. The Republican Committees admit that Plaintiffs purport to bring this suit under 42 U.S.C. §§ 1983 and 1988 and allege violations of the First and Fourteenth Amendments. The Republican Committees deny any remaining allegations in Paragraph 10.

11. Paragraph 11 states legal conclusions that do not require a response. To the extent a response is required, the Republican Committees deny the allegations in Paragraph 11.

12. The Republican Committees admit that Defendant Frank LaRose is the Secretary of State of Ohio and that Plaintiffs purport to sue him in his official capacity. Paragraph 12 otherwise states a legal conclusion that does not require an answer.

13. Paragraph 13 states a legal conclusion that does not require an answer. To the extent a response is required, the Republican Committees do not contest venue; and except as expressly admitted, the Republican Committees deny any remaining allegations in Paragraph 13.

14. Paragraph 14 states a legal conclusion that does not require an answer.

## PARTIES

15. The Republican Committees admit the Plaintiff League of Women Voters of Ohio is a political membership organization that encourages the participation of Ohioans in government. As to the remaining allegations in Paragraph 15, the Republican Committees are without knowledge or information sufficient to form a belief about the truth of such allegations and so deny them.

16. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 and so deny them.

17. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 and so deny them.

18. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 and so deny them.

19. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 and so deny them.

20. Paragraph 20 states legal conclusions that do not require an answer. To the extent any answer is required, the Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 and so deny them.

21. The Republican Committees admit the A. Philip Randolph Institute of Ohio is the Ohio chapter of an historic national organization of African-American trade unionists and community activists established in 1965. As to the remaining allegations in Paragraph 21, the Republican Committees are without knowledge or information sufficient to form a belief about the truth of such allegations and so deny them.

22. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 and so deny them.

23. Paragraph 23 states legal conclusions that do not require a response. To the extent a response is required, the Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 and so deny them.

24. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24 and so deny them.

25. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 and so deny them.

26. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 and so deny them.

27. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 and so deny them.

28. The Republican Committees admit that Defendant LaRose is Ohio's Secretary of State and that Plaintiffs purport to sue him in his official capacity. Paragraph 28 otherwise states legal conclusions that do not require an answer. To the extent one is required, Ohio law addressing the Secretary of State's duties and authority, including Ohio Revised Code §§ 3501.04, 3501.05,

3501.053, and Ohio Administrative Code § 111:3-1-01, speaks for itself. The Republican Committees deny any allegation in Paragraph 28 inconsistent with these provisions.

## FACTUAL ALLEGATIONS

29. The Republican Committees admit that Paragraph 29 cites Ohio Revised Code § 3509.02(A), which speaks for itself, as well as reports from the Secretary of State's website, which speak for themselves. The Republican Committees deny any remaining allegations in Paragraph 29.

30. Any warnings or advisories issued by health experts and federal, state, and local officials speak for themselves. The Republican Committees otherwise are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 and so deny them.

31. The Republican Committees admit that the Ohio legislature enacted House Bill 197, which speaks for itself. The Republican Committees deny any remaining allegations in Paragraph 31.

32. The Republican Committees admit that Paragraph 32 purports to cite data from Cuyahoga County's Board of Elections, which speaks for itself. The Republican Committees otherwise are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 and so deny them.

33. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 and so deny them.

34. The Republican Committees admit that Paragraph 34 purports to quote from a letter from Defendant LaRose, which speaks for itself. The Republican Committees otherwise are

without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 and so deny them.

35. The Republican Committees admit that, on June 15, 2020, Defendant LaRose announced that the Ohio Controlling Board had authorized the use of federal funds to send absentee ballots to all registered voters in Ohio. The Republican Committees otherwise are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 and so deny them.

36. Paragraph 36 states legal conclusions that do not require a response. To the extent a response is required, Ohio Revised Code § 3509.03(A) and House Bill 680 (in footnote 1) speak for themselves, and the Republican Committees deny any allegations in Paragraph 36 inconsistent with them.

37. Paragraph 37 states legal conclusions that do not require a response. To the extent a response is required, Ohio Revised Code § 3509.03(B) speaks for itself and the Republican Committees deny any allegations in Paragraph 37 inconsistent with it.

38. Paragraph 38 states legal conclusions that do not require a response. To the extent a response is required, Ohio Revised Code § 3509.04(A) speaks for itself and the Republican Committees deny any allegations in Paragraph 38 inconsistent with it.

39. Paragraph 39 states legal conclusions that do not require a response. To the extent a response is required, Ohio's election laws and procedures speak for themselves and the Republican Committees deny any allegations in Paragraph 39 inconsistent with them. The Republican Committees are otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39 and so deny them.

40. Paragraph 40 states legal conclusions that do not require a response. To the extent one is required, Ohio's statutes and regulations and the Secretary of State's directives and guidelines regarding absentee ballots speak for themselves, as does the Secretary of State's Ohio Election Official Manual cited in Paragraph 40. The Republican Committees otherwise deny the allegations in Paragraph 40.

41. The Republican Committees admit that Defendant LaRose issued Directive 2020-11, which speaks for itself. Paragraph 41 otherwise states legal conclusions that do not require an answer. To the extent one is required, the Republican Committees deny the remaining allegations in Paragraph 41.

42. Paragraph 42 states legal conclusions that do not require a response. To the extent a response is required, the signature-matching procedures in Ohio counties speak for themselves. The Republican Committees are otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 and so deny them.

43. Paragraph 43 states legal conclusions that do not require an answer. To the extent one is required, the Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 and so deny them.

44. Paragraph 44 states legal conclusions that do not require a response. To the extent a response is required, the procedures in Ohio counties speak for themselves. The Republican Committees are otherwise without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 and so deny them.

45. The Republican Committees admit that Paragraph 45 purports to quote from an Associated Press article, which speaks for itself. Paragraph 45 otherwise states a legal conclusion

that does not require an answer.  To the extent one is required, the Republican Committees deny the allegations in Paragraph 45.

46. Paragraph 46 states a legal conclusion that does not require an answer.  To the extent one is required, the Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46 and so deny them.

47. The Republican Committees admit that Paragraph 47 purports to quote an article that speaks for itself.  Paragraph 47 otherwise states legal conclusions that do not require an answer.  To the extent any answer is required, the Republican Committees deny the remaining allegations in Paragraph 47.

48. Paragraph 48 states a legal conclusion that does not require an answer.  To the extent one is required, Ohio Revised Code §§ 3509.04(B) and 3509.05(A) speak for themselves, and the Republican Committees otherwise deny any remaining allegations in Paragraph 48.

49. Ohio Revised Code § 3509.06(D)(1) speaks for itself and the Republican Committees deny any allegation in Paragraph 49 inconsistent with it.

50. Paragraph 50 states legal conclusions that do not require an answer.  To the extent one is required, Ohio Revised Code § 3509.06(D) and the Ohio Election Manual speak for themselves.  The Republican Committees otherwise deny the allegations in Paragraph 50.

51. Paragraph 51 states legal conclusions to which no answer is required.  To the extent one is required, Ohio Revised Code §§ 3509.06(D) and 3501.011 speak for themselves.  The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 51 and so deny them.

52. Paragraph 52 states legal conclusions that do not require an answer. To the extent one is required, Ohio Revised Code § 3501.22(A) speaks for itself. The Republican Committees otherwise deny the allegations in paragraph 52.

53. Paragraph 53 states legal conclusions that do not require an answer. To the extent one is required, the Republican Committees are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 and so deny them.

54. Paragraph 54 states legal conclusions that do not require an answer. To the extent one is required, Ohio Revised Code § 3509.06(D)(1) speaks for itself. The Republican Committees otherwise deny the allegations in Paragraph 54.

55. Paragraph 55 states a legal conclusion that does not require an answer. To the extent any answer is required, the Republican Committees deny the allegations in Paragraph 55.

56. Paragraph 56 states a legal conclusion that does not require an answer. To the extent one is required, Ohio Revised Code § 3509.07 speaks for itself. The Republican Committees otherwise deny the allegations in Paragraph 56.

57. Paragraph 57 states a legal conclusion that does not require an answer. To the extent any answer is required, Ohio Revised Code § 3509.06(D)(3)(b) speaks for itself. The Republican Committees otherwise deny the allegations in Paragraph 57.

58. Paragraph 58 states a legal conclusion that does not require an answer. To the extent one is required, Secretary of State Directive 2020-11 speaks for itself. The Republican Committees otherwise deny the allegations in Paragraph 58.

59. Paragraph 59 states legal conclusions that do not require an answer. To the extent one is required, the Ohio Election Manual and Secretary of State directives cited in Paragraph 59

speak for themselves.  The Republican Committees otherwise deny the allegations in Paragraph 59.

60. Paragraph 60 states legal conclusions that do not require an answer.  To the extent one is required, the Ohio Election Manual and Ohio Revised Code § 3509.06(D)(3)(b) speak for themselves and the Republican Committees therefore deny any allegation inconsistent with them.

61. Paragraph 61 states legal conclusions that do not require an answer.  To the extent any answer is required, the Ohio Election Manual and Secretary of State Directives 2020-09 and 2020-11 speak for themselves, and the Republican Committees therefore deny any allegation inconsistent with them.  The Republican Committees otherwise are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 61 and so deny them.

62. Paragraph 62 states legal conclusions that do not require an answer.  To the extent any answer is required, Ohio Revised Code § 3509.05(B) speaks for itself and the Republican Committees deny any allegation inconsistent with it.  The Republican Committees deny any remaining allegations in Paragraph 62.

63. Paragraph 63 states legal conclusions that do not require an answer.  To the extent any answer is required, Ohio Revised Code § 3505.32(A) speaks for itself and the Republican Committees deny any allegation inconsistent with it.  The Republican Committees deny any remaining allegations in Paragraph 63.

64. Paragraph 64 states legal conclusions that do not require an answer.  To the extent any answer is required, Ohio law on signature matching speaks for itself, and the Republican

Committees deny any allegations inconsistent with it. The Republican Committees otherwise deny the allegations in Paragraph 64.

65. The Republican Committees admit that Paragraph 65 purports to quote an article that speaks for itself. Paragraph 65 otherwise states a legal conclusion that does not require an answer. To the extent one is required, the Republican Committees deny the remaining allegations in Paragraph 65.

66. The Republican Committees admit that Paragraph 66 purports to cite election statistics from the U.S. Election Assistance Committee, which speak for themselves. The Republican Committees otherwise are without knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66 and so deny them.

67. The Republican Committees are without knowledge or information sufficient to form a belief about the truth of the factual allegations in Paragraph 67 and so deny them.

## COUNT I

68. The Republican Committees incorporate their responses to the preceding paragraphs.

69. Paragraph 69 states legal conclusions that do not require an answer. To the extent one is required, the caselaw quoted and cited in Paragraph 69 speaks for itself. The Republican Committees deny any remaining allegations in Paragraph 69.

70. Paragraph 70 states legal conclusions that do not require an answer. To the extent one is required, the caselaw quoted and cited in Paragraph 70 speaks for itself. The Republican Committees deny any remaining allegations in Paragraph 70.

71. Paragraph 71 states a legal conclusion that does not require an answer. To the extent one is required, the Republican Committees deny the allegations in Paragraph 71.

72. Paragraph 72 states legal conclusions that do not require an answer. To the extent one is required, the Republican Committees deny the allegations in Paragraph 72.

## COUNT II

73. The Republican Committees incorporate their responses to the preceding paragraphs.

74. Paragraph 74 states legal conclusions that do not require an answer. To the extent one is required, the Fourteenth Amendment and the caselaw cited in Paragraph 74 speak for themselves. The Republican Committees deny any remaining allegations in Paragraph 74.

75. Paragraph 75 states a legal conclusion that does not require an answer. To the extent one is required, the Republican Committees deny the allegations in Paragraph 75.

76. Paragraph 76 states a legal conclusion that does not require an answer. To the extent any answer is required, the Republican Committees deny the allegations in Paragraph 76.

77. Paragraph 77 states a legal conclusion that does not require an answer. To the extent any answer is required, the Republican Committees deny the allegations in Paragraph 77.

78. Paragraph 78 states a legal conclusion that does not require an answer. To the extent any answer is required, the Republican Committees deny the allegations in Paragraph 78.

79. Paragraph 79 states a legal conclusion that does not require an answer. To the extent any answer is required, the Republican Committees deny the allegations in Paragraph 79.

## COUNT III

80. The Republican Committees incorporate their responses to the preceding paragraphs.

81. Paragraph 81 states legal conclusions that do not require an answer. To the extent one is required, the Fourteenth Amendment and the caselaw cited in Paragraph 81 speak for themselves. The Republican Committees deny any remaining allegations in Paragraph 81.

82. Paragraph 82 states a legal conclusion that does not require an answer. To the extent one is required, the Republican Committees deny the allegations in Paragraph 82.

## PRAYER FOR RELIEF

83. The Republican Committees deny the allegations in Paragraph 83 and deny that Plaintiffs are entitled to the relief requested.

84. The Republican Committees deny the allegations in Paragraph 84 and deny that Plaintiffs are entitled to the relief requested.

85. The Republican Committees deny the allegations in Paragraph 85 and deny that Plaintiffs are entitled to the relief requested.

86. The Republican Committees deny the allegations in Paragraph 86 and deny that Plaintiffs are entitled to the relief requested.

87. The Republican Committees deny the allegations in Paragraph 87 and deny that Plaintiffs are entitled to the relief requested.

88. The Republican Committees deny the allegations in Paragraph 88 and deny that Plaintiffs are entitled to the relief requested.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof, and while reserving the right to assert all applicable affirmative defenses supported in law and fact, the Republican Committees assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over Plaintiffs' claims.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to allege sufficient facts upon which a claim for relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert their claims in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable statutes of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the equitable doctrines of laches, estoppel, unclean hands, and/or waiver.

## CONCLUSION

The Republican Committees respectfully request that the Court (1) dismiss Plaintiffs' claims with prejudice and enter judgment for Defendants; (2) deny Plaintiffs' prayer for relief; and (3) grant other such relief as the Court may deem proper.

August 17, 2020                                          Respectfully submitted,

/s/ M. Ryan Harmanis
M. Ryan Harmanis (0093642)
    *Trial Attorney*
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, Ohio  43215-2673
Telephone:  (614) 469-3939
rharmanis@jonesday.com

John M. Gore*
E. Stewart Crosland*
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Phone: (202) 879-3939
Fax: (202) 626-1700
jmgore@jonesday.com
scrosland@jonesday.com

*Counsel for Proposed Intervenor-Defendants*

**Pro hac vice* applications forthcoming