UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**League of Women Voters of Ohio,** *et al.*,

        **Plaintiffs,**        Case No. 2:20–cv–3843
                                      Judge Michael H. Watson
   v.                              Magistrate Judge Jolson

**Frank LaRose,**

        **Defendant.**

## OPINION AND ORDER

Donald J. Trump for President, Inc., the Ohio Republican Party, the Republican National Committee, and the National Republican Congressional Committee (collectively "Intervenors") move to intervene in this case as defendants. Mot., ECF No. 18. Intervenors argue that they have a right to intervene under Federal Rule of Civil Procedure 24(a) and, alternatively, that the Court should allow permissive intervention pursuant to Rule 24(b). If the Court finds that permissive intervention is appropriate, there is no need to address whether intervention under Rule 24(a) is mandatory in this case. *League of Women Voters of Mich. v. Johnson*, 902 F.3d 572, 577 (6th Cir. 2018).

The Court may permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). However, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Plaintiffs do not dispute that Intervenors have a defense that

shares a common question of law or fact with the main action.  Instead, Plaintiffs argue that the Court should not allow permissive intervention in this case because it "would prejudice Plaintiffs by interjecting partisan politics into a non-partisan case that is focused on the procedures necessary for Ohio voters to be able to vote safely" and lead to "delay" and "undue complication."  Plaintiffs also suggest that the Court could instead allow Intervenors to file an amicus brief.

Nothing in the briefing supports Plaintiff's brief argument that the parties will be prejudiced by Intervenors' presence in this lawsuit, and the Court will hold Intervenors to the same briefing schedule that has already been established for Defendant to prevent delay.  Intervenors are expected to cooperate in the discovery process as discussed in the Court's August 31, 2020 teleconference and not seek duplicative or unnecessary discovery.  This case will remain focused only on the voting procedure issues raised by Plaintiffs' complaint and not veer into political argument or posturing.

For these reasons, the Court **GRANTS** Intervenors' motion to intervene, ECF No. 18.  The Clerk is **DIRECTED** to file their attached Answer in ECF No. 18-1.  Intervenors shall file any memorandum in opposition to Plaintiffs' motion for a preliminary injunction no later than September 11, 2020.

**IT IS SO ORDERED.**

*/s/Michael H. Watson*_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**